UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELISSA R.[1], <br><br>    Plaintiff, <br><br>    v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br>    Defendant. | CASE NO. 1:20-CV-415-MGG |

**OPINION AND ORDER**

Melissa R. ("Ms. R") filed this action on November 17, 2020, after the Social Security Administration ("SSA") denied her application for disability insurance benefits ("DIB") on July 22, 2019. Invoking the mandamus statute, 28 U.S.C. § 1361, Ms. R seeks an order compelling SSA to provide her a new hearing on her DIB application with an administrative law judge ("ALJ") who has been constitutionally appointed.

On March 2, 2021, the SSA Commissioner moved to dismiss Ms. R's complaint under Fed. R. Civ. P. 12(b)(6). [DE 13]. Ms. R filed her response in opposition to the Commissioner's motion on February 17, 2022. [DE 19]. The Commissioner filed a reply on February 24, 2022, and the motion is ripe for decision. [DE 20].

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

The undersigned has the authority to render a decision pursuant to the consent of the parties and 28 U.S.C. § 636(c)(1) and 42 U.S.C. § 405(g). [*See* DE 10]. For the reasons discussed below, the Court **GRANTS** the Commissioner's Motion. [DE 13].

I.  **RELEVANT BACKGROUND**

   A.   **Ms. R's Claim for DIB**

On September 28, 2016, Ms. R filed a claim for DIB claiming an onset date of February 5, 2010. [DE 1-1, at 4]. Her claims were initially denied on February 7, 2017, and denied again upon reconsideration on May 4, 2017. [*Id.*] Ms. R then filed a written request for a hearing on June 6, 2017, and a hearing was held before an ALJ on May 23, 2018. [*Id.*] On October 24, 2018, the ALJ issued a written decision finding that Ms. R was not disabled. [*Id.* at 30]. Ms. R requested review of the ALJ's decision by the SSA Appeals Council, which denied her request on July 22, 2019. [DE 1-2 at 1]. That denial contained information about further appeals, including instructions on how to file a civil action for judicial review in district court within the statutory 60-day window. [*Id.* at 3–4]. Yet Ms. R did not file suit in district court within the 60-day window, nor did she request an extension from the Appeals Council. [DE 13-1, at 5]. Instead, more than a year after the Appeals Council denied her request for review, Ms. R filed this action for mandamus on November 17, 2020. [DE 1].

   B.   **Ms. R's Complaint for Mandamus**

Ms. R's instant complaint alleges that the ALJ who presided over her hearing on May 23, 2018, was not appointed to this position in accordance with the Appointments Clause, U.S. Const. Art. II, § 2, cl. 2. [DE 1 ¶¶ 4, 19]. The Appointments Clause requires

that the President appoint "Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States" by and with the "Advice and Consent of the Senate." U.S. Const. Art. II, § 2, cl. 2. The Clause further provides that Congress may vest the appointment of "inferior Officers" in "the President alone, in the Courts of Law, or in the Heads of Departments." *Id.*

Ms. R's complaint arises after the Supreme Court issued its decision in *Lucia v. S.E.C.*, 585 U.S. ___, 138 S. Ct. 2044 (2018). In *Lucia*, the Securities and Exchange Commission ("SEC") charged the plaintiff, Raymond Lucia, with violating certain securities laws and assigned an ALJ to adjudicate the charges. The ALJ held a hearing, found that Mr. Lucia had violated the law, and imposed sanctions accordingly. *Id.* at 2049-50. On appeal, Mr. Lucia argued that the administrative proceeding was invalid because, although the SEC was considered a "Head[] of Department[]" under the Appointments Clause, the SEC had left the appointment of its ALJs "to SEC staff members." *Id.* at 2050. Mr. Lucia thus argued that the ALJ in his case had not been constitutionally appointed. *Id.* The Supreme Court agreed, holding that the appointment of SEC ALJs by lower-level staff violated the Appointments Clause of the U.S. Constitution because ALJs are "Officers of the United States" and thus could only be constitutionally appointed by the "President," the "Courts of Law," or "Heads of Departments." *Id.* at 2050, 2053 (quoting U.S. Const. Art. II, § 2, cl. 2). Accordingly, with Mr. Lucia's "timely challenge" to the validity of the ALJ's appointment, the Supreme Court found that "to cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which [Mr.] Lucia is entitled." *Id.* at 2055.

3

Like the SEC's ALJs, SSA's ALJs were appointed by lower-level staff instead of by the "Head[] of Department[]"—the SSA Commissioner. Expecting that similar challenges could arise, the Acting SSA Commissioner issued an order on July 16, 2018, ratifying the appointment of all SSA ALJs. *See* S.S.R. 19-1p, 84 Fed. Reg. 9582, 2019 WL 1202036. But this order ratifying the appointment of SSA ALJs occurred almost two months after Ms. R's hearing before an ALJ took place. Accordingly, Ms. R now contends that the ALJ who presided over her hearing was not duly appointed and that, like the plaintiff in *Lucia*, she is entitled to a hearing before a properly appointed ALJ.

The Commissioner moved to dismiss arguing that because Ms. R failed to timely appeal under § 405(g), she is barred from any direct appeal of the final decision of SSA. [DE 13-1, at 4–5]. The Commissioner's motion also argues that Ms. R cannot show a clear right to relief under the mandamus statute. The Commissioner asserts that Ms. R's failure to raise the Appointments Clause claim "*at all* during the administrative process forfeits the claim for the purposes of federal court review," and thus Ms. R cannot show a clear right to relief required for the Court to grant mandamus. [*Id.* at 10]. That said, the Commissioner did note a circuit split on whether a claimant forfeits their right to raise an Appointments Clause challenge by failing to raise the issue during administrative proceedings. [*Id.* at 9].

While the Commissioner's motion to dismiss was pending here, the Supreme Court granted certiorari on this forfeiture question. *See Carr v. Saul*, 141 S.Ct. 813 (2020) (granting certiorari). Ms. R moved to stay proceedings pending the outcome in *Carr*, which the Court granted. [DE 14, DE 15]. On April 22, 2021, the Supreme Court decided

*Carr*, holding that the failure to raise an Appointments Clause claim in administrative proceedings did not bar a claimant from timely raising it in federal court. *Carr v. Saul*, 593 U.S. ___, 141 S.Ct. 1352, 1362 (2021).

After the Supreme Court decided *Carr*, this Court lifted the stay and resumed briefing on the Commissioner's motion to dismiss. [DE 18]. The Supreme Court's decision in *Carr* determined that Ms. R could validly raise an Appointments Clause challenge for the first time on judicial review. However, even with this question resolved, the issue remains as to whether Ms. R has pled sufficient material to allege that she is entitled to relief under the mandamus statute such that this case should survive the Commissioner's motion to dismiss.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure state that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint that fails to state a legally sufficient claim. *See Hallinan v. Fraternal Ord. of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2016).

Yet "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, while legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Twombly*, 550 U.S. at 556). "Dismissal under Rule 12(b)(6) is reserved for complaints that do not state legally cognizable claims, including the situation in which the plaintiff pleads himself out of court by making allegations sufficient to defeat the suit." *Vincent v. City Colls. Of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007).

### III.   ANALYSIS

#### A.   Ms. R's Complaint 42 U.S.C. § 405(g)

The Commissioner first argues that Ms. R's complaint should be dismissed because it was not timely filed under § 405(g). [DE 13, at 1]. Section 405(g) provides for judicial review of a final decision of SSA as follows:

> **(g) Judicial review**
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The same statute further provides that final decisions of SSA shall not be reviewable "except as herein provided." 42 U.S.C. § 405(h).

If the Commissioner is making a non-jurisdictional argument under § 405(g), the Commissioner is correct. Ms. R's claim was denied by an ALJ on October 24, 2018, [DE

6

1, at 5], and the SSA Appeals Council declined to hear an appeal in a letter dated July 22, 2019, [DE 1-2, at 1]. Ms. R then filed this case on November 17, 2020, more than one year after the ALJ's decision became the final decision of the Commissioner. [DE 1]. Ms. R is thus precluded from seeking judicial review under § 405(g). But the Commissioner's argument largely does not apply, as Ms. R does not purport to bring a claim under § 405(g). Instead, Ms. R has filed her complaint under the mandamus statute, 28 U.S.C. § 1361. [*See* DE 1]. Thus, the Court will proceed to analyze the sufficiency of Ms. R's claim under the mandamus statute.

### B. Ms. R's Claim under 28 U.S.C. § 1361

This Court has subject-matter jurisdiction over "any action in the nature of mandamus." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary remedy that is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 603–04 (1984). "[M]andamus jurisdiction is available in cases challenging the procedures used in administering social security benefits." *Burnett v. Bowen*, 830 F.2d 731, 738 (7th Cir. 1987) (internal citations omitted). Such claims "must be procedural and unrelated to the merits of a claim for benefits." *Id.* at 739.

To establish a right to mandamus relief, a plaintiff must show: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Homewood Pro. Care Ctr., Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985) (quotation omitted). This last requirement is "designed to ensure that the writ will not be used as a

substitute for the regular appeals process." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mere expiration of the statute of limitations does not show there is no adequate remedy available; under typical administrative exhaustion procedures, if it is "too late to exhaust" because, for example, a statute of limitations has expired, then the court dismisses the lawsuit "with prejudice" for failure to exhaust administrative remedies. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Ms. R argues that the salient issue here is "whether the ALJ was duly appointed pursuant to the Appointments Clause." [DE 19, at 2]. Ms. R claims that she "has yet to receive the hearing she is due by law" because the ALJ at her initial hearing was unconstitutionally appointed. [DE 1, at 5]. Thus, according to Ms. R, the Appeals Council had no authority to review the ALJ's decision because there was no decision to review. [*Id.* at 5–6]. In Ms. R's telling, then, because the ALJ who initially denied benefits was unconstitutionally appointed, there has been no valid hearing and thus the Commissioner has breached her duty to provide a hearing when requested by a claimant, and mandamus is the proper remedy for such a breach of a nondiscretionary duty. [*Id.* at 6–7].

To begin, the Court cannot find that Ms. R has properly construed the issues in her request for mandamus relief, as the ALJ's decision on Ms. R's DIB application is not void for lack of authority, but merely voidable under the common-law *de facto* officer doctrine. This doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment . . . is deficient." *Ryder v. U.S.*, 515 U.S. 177, 180 (1995). But this

8

doctrine does not apply in cases where a plaintiff raises "a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case" so that judgment may be had "on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." *Id.* at 182.

Accordingly, while a timely challenge under § 405(g) would overcome this doctrine, that is not the circumstance of Ms. R's complaint. Here, the ALJ who denied Ms. R benefits was conducting administrative hearings under color of official title and was treated as such by the Appeals Council. [*See* DE 1-1; DE 1-2]. And, as noted above, Ms. R did not timely appeal under 42 U.S.C. § 405(g), the exclusive avenue for obtaining review of a final decision by SSA. 42 U.S.C. § 405(h). Thus, with no timely challenge from Ms. R, the ALJ's decision is *de facto* valid, regardless of any constitutional defect in the ALJ's appointment. *See Buckley v. Valeo*, 424 U.S. 1, 142 (1976) (concluding that decisions of the Federal Elections Commission could be upheld as "*de facto*" valid despite the unconstitutional appointment of Commissioners); *Levine v. U.S.*, 221 F.3d 941, 944 n.7 (2000) (finding that an Assistant U.S. Attorney was a *de facto* officer despite his failure to satisfy the residency requirement necessary for a valid appointment).

The question before this Court, then, is not whether the ALJ who presided over Ms. R's hearing was duly appointed, or whether *Lucia* supports a clear right to a hearing before a constitutionally appointed ALJ. Given the timing of Ms. R's complaint, the salient questions under the mandamus statute are as follows: *first,* whether Ms. R has a clear right to challenge the unconstitutional appointment of the ALJ who denied Ms. R's benefits in this collateral proceeding filed over a year after the ALJ's decision

9

had become the final decision of the Commissioner; *second,* whether the Commissioner has a nondiscretionary duty to grant a new hearing despite Ms. R's failure to timely appeal SSA's final decision; and *third,* whether Ms. R had an adequate remedy for her Appointments Clause challenge.

Now properly construed, Ms. R's claims fail to meet the elements of a mandamus claim. As discussed below, Ms. R has not shown she has a clear right to another hearing, nor has she shown that the Commissioner has a defined and peremptory duty to grant her one. Further, Ms. R had an adequate remedy available in § 405(g), which she failed to pursue such that it is now too late to exhaust all administrative remedies.

First, Ms. R has not met her burden of showing she has a clear right to another hearing, even assuming the facts alleged in the complaint are true and drawing all reasonable inferences in her favor. Ms. R merely claims that "there has been no hearing and no final decision of the Commissioner" which, for the reasons given above, is not accurate. [DE 19, at 10]. Indeed, Ms. R points to no authority supporting such a right other than *Lucia* and *Carr*, both of which involved timely appeals, making them inapposite. See *Lucia*, 138 S. Ct. at 2050 (tracing the plaintiff's Appointments Clause claims from the initial administrative hearing to the D.C. Circuit); *Carr*, 141 S. Ct. at 1356 (noting that all petitioners "followed the prescribed steps for seeking administrative review"). Thus, Ms. R has failed to plead sufficient material to support her claim to a clear right to another hearing.

For similar reasons, Ms. R has also failed to make the requisite showing that the Commissioner has a plainly defined and peremptory duty to grant another hearing. Ms.

10

R's claims on this front rest on the false premise that she "has yet to receive a hearing." [DE 1, at 2]. For the reasons discussed above, the *de facto* officer doctrine confers validity upon the ALJ's decision. Thus, the Commissioner has fulfilled the statutory duty which Ms. R claims she failed to do, and Ms. R provides no evidence to support any other duty on the part of the Commissioner to grant another hearing. Accordingly, the Court cannot find that the Commissioner has a "plainly defined and peremptory duty" to grant Ms. R another hearing. *Burnett*, 830 F.2d at 739.

Finally, Ms. R had an adequate remedy at law: she could have taken a direct appeal under § 405(g). Section 405(g) is an adequate remedy "for challenging all aspects of" the final decision of SSA regarding the denial of disability benefits. *Heckler*, 466 U.S. at 617. But as noted above, Ms. R failed to exhaust that remedy when the 60-day window for filing an appeal passed without seeking to file suit in this Court or to request an extension from the Appeals Council. [*See* DE 1-2 at 2]. Thus, it is now "too late" for Ms. R "to exhaust" her claim, and this Court's mandamus jurisdiction is not a substitute route for judicial review of a final decision of SSA. *See Walker*, 288 F.3d at 1009.

In fact, other litigants in this district have successfully challenged the unconstitutional appointment of the ALJ who presided over their hearing by timely filing suit under § 405(g). See, e.g., *Duane H. v. Saul*, No. 3:19-CV-138, 2020 WL 1493487 (N.D. Ind. Mar. 27, 2020); and *Hoot v. Saul*, No. 1:18-CV-296, 2020 WL 9607894 (N.D. Ind. Mar. 23, 2020). But another litigant in this district who failed to timely challenge the unconstitutional appointment of their ALJ had their complaint similarly dismissed. *See*

11

*Obenchain v. Comm'r of Soc. Sec. Admin.*, No. 1:20-CV-168-JVB-JPK, 2022 WL 10311981, at *5 (N.D. Ind. June 24, 2022), *report and recommendation adopted sub nom Obenchain v. Kijakazi*, No. 1:20-CV-168-JVB-JPK, 2022 WL 4545937 (N.D. Ind. Sept. 28, 2022), *summarily affirmed on appeal*, Obenchain v. Kijakazi, No. 22-3138 (7th Cir. March 31, 2022)[2].

IV. **CONCLUSION**

For the reasons stated above, Ms. R has failed to state a claim for relief under 28 U.S.C. § 1361. Accordingly, the Court **GRANTS** the Commissioner's Motion to Dismiss [DE 13] and **DISMISSES** this case with prejudice.

**SO ORDERED** this 26th day of April 2023.

s/Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge

---

[2] On appeal, the claimant in *Obenchain* conceded that her case was controlled by the *de facto* officer doctrine in *Ryder*. *See Obenchain v. Kijakazi*, No. 22-3138, doc. 14 at 2.